**BRYAN F. MURPHY**
State Bar No. 006414
**LAURA J. MEYER**
State Bar No. 028755
Burch & Cracchiolo, P.A.
1850 N. Central Ave. Suite 1700
Phoenix, AZ 85004
602-234-9914
bmurphy@bcattorneys.com
lmeyer@bcattorneys.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Kaniz Islam,<br><br>   Plaintiff,<br>v.<br>John Does 1-10,<br>   Defendants. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

For her Complaint, plaintiff Kaniz Islam allege as follows:

**PARTIES**

1.  Plaintiff Kaniz Islam is a resident of Maricopa County, Arizona.

2.  Defendants John Does 1-10 are fictitiously named persons who participated in an enterprise to defraud plaintiff of her opportunity to pursue her career in medicine by submitting fraudulent claims to the United States Medical Licensing Examination ("USMLE") that Kaniz Islam was purportedly offering examination materials for sale. The identities of the defendants are not presently known but it is believed that discovery directed to the USMLE and its members, the Federation of State Medical Boards of the U.S., Inc., and the National Board of Medical Examiners, Inc., will reveal the identity of the defendants, whose trues names will be substituted upon discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

**JURISDICTION AND VENUE**

3. This action generally asserts that the defendants have engaged in violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1961 *et seq.* ("RICO"), and are additionally liable under various claims based on the same facts which arise under state law.

4. This Court has subject matter jurisdiction over these plaintiff's RICO claim pursuant to 18 U.S.C. § 1964(a). The Court has supplemental jurisdiction over plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL BACKGROUND**

6. Kaniz Islam is a licensed nurse practitioner who is presently training to become an allopathic physician at Avalon University School of Medicine.

7. To progress in her medical training Kaniz Islam must take and pass the Step 1 examination administered by the USMLE, and she was registered to sit for that examination on February 17, 2022.

8. When Kaniz Islam presented to the testing center on February 17, 2022, however, she was informed that the USMLE had terminated her application based on allegations that she had attempted to sell "recalls" (test questions reported from memory by test takers) to third parties on the open market.

9. The USMLE provided Kaniz Islam reports that had been submitted to it anonymously in which she allegedly had offered to sell examination materials to an unknown party.

10. These materials included forged communications from a falsified Telegram account in the name of "Kaniz Islam" which directed that payments for the test materials be made to a non-existent Paypal account which incorporated her name.

11. Based on these forged materials the anonymous complainant(s) made a series of demands on October 31, 2021, that the USMLE take disciplinary action against Kaniz Islam.

12. Kaniz Islam had nothing to do with any attempted sale of USMLE examination materials, had no Telegram account in the name "Kaniz Islam," and had no Paypal account related to the e-mail address allegedly associated with her.

13. On March 7, 2022, Kaniz Islam appeared remotely at a hearing conducted by the USMLE regarding these allegations and denied any involvement in the alleged wrongdoing.

14. By correspondence dated April 20, 2022, the USMLE informed Kaniz Islam that it was sustaining the charges against her, that she would be barred from sitting for the Step 1 examination for a minimum of three years, and that her USMLE transcripts will be permanently annotated with a statement that she had engaged in irregular behavior.

15. Kaniz Islam appealed the decision of the USMLE committee but by ruling dated July 27, 2022, her appeal was denied.

16. As a direct and proximate result of the fraudulent conduct by defendants John Does 1-10 Kaniz Islam's pursuit of her medical degree will be come to an end.

## COUNT I
## RACKETEERING

17. Plaintiff realleges and incorporates by reference all preceding allegations of this Complaint as though set forth fully herein.

18. Defendants John Does 1-10 and each of them formed an enterprise to engage in a pattern of racketeering activity and conspired to engage in racketeering activity.

19. The defendants and each of them engaged in a pattern of racketeering activity as defined by 18 U.S.C. § 1961 by sending a series of fraudulent communications through the internet in interstate commerce to the USMLE as part of a scheme and artifice to defraud Kaniz Islam, representing the predicate act of wire fraud in violation of 18 U.S.C. § 1343.

. . .

20. The defendants and each of them associated with an enterprise which affected interstate commerce and conducted that enterprise's activities through a pattern of racketeering activity, all in violation of 18 U.S.C. § 1962(c) and (d).

21. As a direct and proximate result of the defendants' racketeering activity Kaniz Islam has suffered compensatory damages including the loss her career as an allopathic physician and income that would have resulted from that career in an amount to be proved at trial.

22. Kaniz Islam is entitled to maintain this action as a victim of racketeering, to recover trebled compensatory damages, and to recover her attorneys' fees incurred in prosecuting this action pursuant to 18 U.S.C. § 1964(c).

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff realleges and incorporates by reference all preceding allegations of this Complaint as though set forth fully herein.

24. Defendants and each of them engaged in extreme and outrageous conduct by submitting fraudulently falsified documents and written accusations to USMLE which purported to reflect that Kaniz Islam was selling USMLE examination materials to third parties.

25. These documents and accusations to USMLE were consciously intended to cause Kaniz Islam emotional distress and in fact caused severe emotional distress to Kaniz Islam based on the loss of her ambition to become a medical doctor.

26. As a direct and proximate result of the defendants' intentional infliction of emotional distress Kaniz Islam has suffered compensatory damages including the loss her career as an allopathic physician and income that would have resulted from that career in an amount to be proved at trial.

27. Defendants' conduct in inflicting emotional distress on Kaniz Islam was willful, wanton, and done with the specific intent to cause harm to Kaniz Islam, meriting the imposition of punitive damages in an amount to be proved at trial.

## COUNT III
## COMMON LAW FRAUD

28. Plaintiff reallege and incorporates by reference all preceding allegations of this Complaint as though set forth fully herein.

29. Defendants and each of them made material and knowingly false representations to the USMLE that Kaniz Islam was attempting to sell USMLE examination materials.

30. Defendants' misrepresentations were made with the specific intent to induce the reliance of the USMLE in order to defraud Kaniz Islam of her intended career as a physician and in fact succeeded in persuading the USMLE that Kaniz Islam had engaged in irregular behavior, which in fact has deprived Kaniz Islam of her intended career as a physician.

31. The USMLE reasonably relied upon the false accusations made against Kaniz Islam by the defendants in ignorance of their falsity.

32. As a direct and proximate result of the defendants' common law fraud Kaniz Islam has suffered compensatory damages including the loss her career as an allopathic physician and income that would have resulted from that career in an amount to be proved at trial.

33. Defendants' conduct in perpetrating fraud on Kaniz Islam was willful, wanton, and done with the specific intent to cause harm to Kaniz Islam, meriting the imposition of punitive damages in an amount to be proved at trial. .

## JURY TRIAL DEMAND

Plaintiff hereby requests jury trial of all claims and issues in this matter which are triable to a jury.

WHEREFORE, plaintiff prays that the Court enter the following relief against the defendants and each of them:

(1) Enter judgment in favor of plaintiff and against defendants on all of plaintiff's claims for relief;

(2) Award trebled compensatory damages and plaintiff's attorneys' fees on plaintiff's claims under 18 U.S.C. § 1964(c) in an amount to be proved at trial.

(3) Award compensatory damages on plaintiff's claims for intentional infliction of emotional distress and common law fraud in an amount to be proved at trial;

(4) Award punitive damages on plaintiff's claims for intentional infliction of emotional distress and common law fraud in an amount to be proved at trial;

(5) Award such other and further relief as this Court seems just.

DATED this 8th day of August, 2022.

**BURCH & CRACCHIOLO, P.A.**

**By:** /s/ Bryan F. Murphy
Bryan F. Murphy
Laura J. Meyer
Burch & Cracchiolo, P.A.
1850 N. Central Ave. Suite 1700
Phoenix, AZ 85004